NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAXUM INDEMNITY CO.,

    Plaintiff,

v.

NEW JERSEY IRON, INC., ALL JERSEY SYSTEMS ELECTRICAL CONTRACTORS, INC., ANDRE CONCRETE, INC. and BAY ENTERPRISES, INC.,

    Defendants.

Civ. No. 09-6397

OPINION & ORDER

THOMPSON, U.S.D.J.

    This matter comes before the Court upon Plaintiff's Motion for Judgment on the Pleadings [docket # 22]. The Court has decided the motion upon consideration of the parties' written submissions, without oral argument. For the reasons given below, the motion is DENIED.

    Plaintiff is an insurance company with whom Defendant New Jersey Iron maintains a policy for "Commercial General Liability Coverage." (Compl. & Answer ¶¶ 2, 17, Ex. D.) On April 14, 2009, Lawrence Neve and his wife—nonparties in this action—filed a suit in New Jersey Superior Court against All Jersey Electrical Contractors, Inc. and Andre Concrete, Inc. concerning injuries Neve allegedly sustained while working as an ironworker for New Jersey Iron, Inc. (*Id.* ¶¶ 11-12.) All Jersey Electrical Contractors and Andre Concrete then filed Third Party Complaints against New Jersey Iron on May 26, 2009 and July 16, 2009, respectively. (*Id.* ¶ 15.) Plaintiff then filed this action in federal court on December 18, 2009, seeking a declaratory judgment that it does not owe Defendant New Jersey Iron any duty to defend or

1

indemnify it in relation to the state court lawsuit regarding Neve's injuries. (Compl.) New Jersey Iron answered the Complaint on February 19, 2010. (Answer.) Plaintiff has now moved for Judgment on the Pleadings under Fed. R. Civ. P. 12(c).

The Court will grant a motion for judgment on the pleadings if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law. *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262-63 (3d Cir. 2008). The Court must accept the nonmoving party's well-pleaded factual allegations as true and construe those allegations in the light most favorable to the nonmoving party, but the Court will disregard any unsupported conclusory statements. *Id.* Any exhibits attached to the pleadings may be considered part of the pleadings, so long as those exhibits are writings upon which an action or defense is based. *See Rose v. Bartle*, 871 F.2d 331, 339-40 n.3 (3d Cir. 1989) (not counting affidavits appended to a Complaint as part of the pleadings for purposes of a 12(c) motion). In this case, Plaintiff is the moving party, so the Court accepts Defendant's well-pleaded factual allegations as true. In other words, the Court will only accept as true those factual allegations in the Complaint that Defendant has not denied in its Answer.

New Jersey Iron admits that the insurance contract appended to the Complaint is a true and complete copy of the policy that exists between itself and Plaintiff. (Compl. & Answer ¶ 17.) That contract provides, in relevant part, that the policy does not cover "bodily injury to . . . An 'employee' of the Insured arising out of and in the course of . . . Employment by the Insured." (Compl. Ex. D.) The contract defines "employee" to include a "leased worker," which is in turn defined to mean "a person leased to you by a labor leasing firm under an agreement

between you and the labor leasing firm, to perform duties related to the conduct of your business."[1] (*Id.*)

In light of these definitions, it seems clear that if Lawrence Neve is either New Jersey Iron's employee or its leased worker, then the policy exclusion quoted above applies, and Plaintiff has no duty to indemnify or defend New Jersey Iron. However, New Jersey Iron has denied that Neve is its employee. (Answer ¶ 24.) As explained above, for purposes of a motion for judgment on the pleadings, the nonmoving party's factual allegations are accepted as true. In its moving brief, Plaintiff asserts that Neve is a "leased worker," but it cites nothing to support this statement. (Br. Supp. Maxum Indemnity Co.'s Mot. J. Pleadings 2, 4.) Therefore, since there is no material in the pleadings from which the Court may conclude that Neve is an employee of New Jersey Iron, Plaintiff cannot show that it is entitled to judgment as a matter of law, and its motion must be denied.

As this disposes of Plaintiff's motion, the Court does not reach New Jersey Iron's arguments that the employer exclusion to the insurance policy is void as a matter of public policy and that Plaintiff's suit is foreclosed by the doctrine of collateral estoppel.

For the foregoing reasons, it is ORDERED, this 4th day of May, 2010, that Plaintiff's Motion for Judgment on the Pleadings [22] is DENIED.

                                              */s/ Anne E. Thompson*
                                              ANNE E. THOMPSON, U.S.D.J.

---

[1] Although Defendant denies that the policy contains these definitions (*see* Answer ¶¶ 21-23), Defendant has already admitted that the policy appended to the Complaint is true and complete (*id.* ¶ 17), so these definitions will be deemed admitted.

3