NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXUM INDEMNITY CO., | |
| Plaintiff, | Civ. No. 09-6397 |
| v. | OPINION & ORDER (AET) |
| NEW JERSEY IRON, INC., et. al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter comes before the Court on Plaintiff's Motion for Summary Judgment [42]. The Court has decided the motion upon consideration of the parties' written submissions, without oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons given below, the motion is GRANTED.

BACKGROUND

Plaintiff is an insurance company with whom Defendant New Jersey Iron ("NJI") maintains a policy for "Commercial General Liability Coverage." (Compl. ¶ 17, Ex. D.) On April 14, 2009, Lawrence Neve and his wife—nonparties in this action—filed a suit in New Jersey Superior Court against All Jersey Electrical Contractors, Inc. and Andre Concrete, Inc. concerning injuries Neve allegedly sustained while working as an ironworker for New Jersey Iron, Inc. (*Id.* ¶¶ 11-12.) All Jersey Electrical Contractors and Andre Concrete then filed Third Party Complaints against NJI on May 26, 2009 and July 16, 2009, respectively. (*Id.* ¶ 15.) The

Superior Court dismissed NJI from that suit on September 10, 2010, but that decision could still be reversed. (Opp'n Br. 1-2.)

Plaintiff filed this action in federal court on December 18, 2009, seeking a declaratory judgment that it does not owe any duty to defend or indemnify NJI in the state court lawsuit regarding Neve's injuries. (Compl. ¶ 9.) Plaintiff has now moved for Summary Judgment under Fed. R. Civ. P. 56.

## ANALYSIS

### A. Legal Standard

Summary judgment is proper when "the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). More specifically, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. The Court will "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted).

### B. Declaratory Judgment

The Declaratory Judgment Act provides a remedy whereby a federal court "may declare the rights and other legal relations of any interested party seeking such declaration" when there exists a "case of actual controversy." 28 U.S.C. § 2201(a). The party seeking a declaratory

judgment must allege facts showing a substantial likelihood of future injury.  *Lattaker v. Rendell*, 269 F.App'x 230, 233 (3d Cir. 2008) (citing *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)).  NJI argues that, because of its dismissal from the state court action, there is no longer any "issue of controversy that needs to be decided by the Court."  (Opp'n Br. 2.)  However, NJI wishes to "reserve[] the right to seek coverage in the event that the Order dismissing NJI" is reversed.  (*Id*.)  In other words, NJI admits that Plaintiff still faces the threat of liability.  As a result, Plaintiff's request for declaratory judgment is not improper.  *See Occidental Life Ins. Co. of Cal. v. Nichols*, 216 F.2d 839, 842 (5th Cir. 1954) (holding that judgment being appealed does not moot case because "a real controversy still exists as long as the [appellant] has a chance to reverse that judgment").

Nor is declaratory judgment improper because of the ongoing state court case.  True, federal district courts should decline to exercise jurisdiction over a claim for declaratory judgment when "the controversy may better be settled in state court."  *Atl. Mut. Ins. Co. v. Gula*, 84 F.App'x 173, 174 (3d Cir. 2003) (internal quotations and citations omitted).  When an insurer seeks a declaration of "no coverage," the courts must consider the following: 1) a general policy of restraint when the same issues are pending in state court; 2) the inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and 3) avoidance of duplicative litigation."  *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000).  None of these considerations counsel against a declaratory judgment in this case.  Plaintiff is not a party in the state case, it is not defending NJI, and its liability to NJI is not before the state court.  Therefore, a declaratory judgment is not inappropriate here.

C. Neve's Status

The insurance policy in this case excludes coverage for "[b]odily injury to . . . [a]n 'employee' of the Insured arising out of and in the course of . . . [e]mployment by the Insured." (Compl. Ex. D, at 8.) The contract defines "employee" to include a "leased worker," which is in turn defined to mean "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business." (Id. at 20, 21.) This Court previously stated: "In light of these definitions, it seems clear that if Lawrence Neve is either New Jersey Iron's employee or its leased worker, then the policy exclusion quoted above applies, and Plaintiff has no duty to indemnify or defend New Jersey Iron." (Order on Mot. for J. Pleadings, May 5, 2010) [31]. In its opposition to the summary judgment motion, NJI "concede[s] that Mr. Neve was an employee of NJI at the time of the alleged incident." (Opp'n Br. 1.) Therefore, we conclude that the policy exclusion applies to the Neve lawsuit.

D. Public Policy

Despite conceding that Neve is an employee under the policy, NJI argues that—insofar as its definitions go beyond state law—the policy is void as against public policy. (Opp'n Br. 3.) New Jersey's Workmen's Compensation statute is the exclusive remedy for an employee's work-related injury caused by his employer's negligence. N.J.S.A. 34:15-1, 34:15-8. NJI claims that "[b]ased upon the applicable case law, the language set forth in the insurance agreement regarding 'leased worker[s]' is inconsistent with the law," (Opp'n Br. 3), but NJI fails to explain the inconsistency or cite case-law on point. We presume NJI is arguing that the definition of "employee" under the policy (which includes leased workers) is broader than the definition of "employee" in the Worker's Compensation statute (which may not), and that as a result, workers

who fall outside of the statute's ambit but within the policy's exclusion are unfairly precluded from receiving compensation under the worker's compensation regime or from the insurer. This argument is unavailing.

    First, despite NJI's allusion to case-law, it does not appear that the definitions in the policy are inconsistent with the statute. The statute defines employee as "synonymous with servant, and includes all natural persons, including officers of corporations, who perform service for an employer for financial consideration, exclusive of . . . casual employments." N.J.S.A. 34:15-36. The policy similarly excludes a "casual employee" or "temporary worker" (Compl. Ex. D, at 20), and the policy's definition of leased workers squares with the statute's definition of employees as persons who "perform service for an employer for financial consideration."

    Second, even if the policy definition were broader, it would not necessarily violate public policy. *See State v. Signo Trading Int'l, Inc.*, 130 N.J. 51, 66 (1992) ("[P]ublic policy considerations alone are not sufficient to permit a finding of coverage in an insurance contract when its plain language cannot fairly be read to otherwise provide that coverage."). If a worker is not covered by the statute, then he is not barred from seeking compensation from the employer. Whether the employer has contracted for insurance to cover such claims or will instead be on the hook itself is a matter of business practice; it is not the domain of public policy. We therefore find that the relevant policy exclusion applies to the Neve lawsuit and Plaintiff has no duty to indemnify or defend NJI.

## CONCLUSION

Accordingly, it is this 19th day of November, 2010,

ORDERED that Plaintiff's Motion for Summary Judgment [42] is GRANTED; and it is further

ORDERED that JUDGMENT is entered in favor of Plaintiff and against Defendant NJI concerning Plaintiff's duty to indemnify or defend NJI in the Neve lawsuit.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.