NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAXUM INDEMNITY CO., <br><br> Plaintiff, <br><br> v. <br><br> NEW JERSEY IRON, INC., ALL JERSEY SYSTEMS ELECTRICAL CONTRACTORS, INC., ANDRE CONCRETE, INC., and BAY ENTERPRISES, INC., <br><br> Defendants. | Civ. No. 09-6397 <br><br> OPINION |
| BAY ENTERPRISES, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> PERFORMANCE HR LTD., WILLIAM HAINES, CLEARPOINT HRO, LLC, XL SPECIALTY INSURANCE COMPANY, ACE AMERICAN INSURANCE COMPANY, and AMERICAN HOME ASSURANCE COMPANY <br><br> Third-Party Defendants. | |

THOMPSON, U.S.D.J.

I.   INTRODUCTION

This matter has come before the Court on Third-Party Defendants ACE American Insurance Company ("ACE") and XL Specialty Insurance Company ("XL") (collectively, "Insurance Defendants") separate Motions to Dismiss the Third Party Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. [Docket #s 73, 77]. The Third-Party Plaintiff, Bay

Enterprises, Inc. ("Bay"), opposes both motions and alternatively cross-moves for leave to amend the Third-Party Complaint (hereinafter, the "Complaint"). [88]. Bay has also moved for leave to amend the Complaint by adding an additional Third-Party Defendant, Ivan Dorbin. [89]. The Court has decided these matters after considering the parties' written submissions and without holding oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Insurance Defendants' Motions to Dismiss are denied and Bay's request for leave to amend is granted.

II.     BACKGROUND

This dispute arises out of an accident occurring on December 17, 2007 in which an employee of Bay, Lawrence Neve, was injured on a construction site. (Third-Party Pl's. Am. Compl., ¶ 36). Bay runs a professional employers organization that loans out workers to other companies. (*Id.*, ¶ 17). At the time of the accident, Neve was employed by Bay, but he was leased to a company called New Jersey Iron, Inc. (*Id.*, ¶ 37).

Prior to the accident, Bay had entered into a joint venture with Third-Party Defendants Ivan Dorbin, William Haines, Clearpoint HRO, LLC ("Clearpoint"), and Performance HR Ltd. ("Performance") (collectively, the "Joint Venture Defendants"). (*Id.*, ¶ 19). This joint venture was entered into for the purpose of, among other things, providing workers' compensation insurance to the employees of Bay. (*Id.*). As part of this agreement, Clearpoint would establish a workers' compensation risk sharing agreement, which is commonly called a captive insurance program. (*Id.*, ¶ 24). The Joint Venture Defendants supplied three separate workers' compensation policies to Bay—two from the Insurance Defendants and one from an additional insurance company not named as a Third-Party Defendant. (*Id.*, ¶ 28). The primary insured

party on all of these insurance policies was Clearpoint. (*Id.*, ¶ 29). These policies allegedly covered the injuries sustained by Neve. (*Id.*).

During the relevant times at issue in this case, the Insurance Defendants and the Joint Venture Defendants exchanged underwriting information. (*Id.*, ¶ 31). The premium to be paid on these insurance contracts was based upon payroll audits at the end of the policy year and for up to three years after expiration of the policy. (*Id.*, ¶ 32). The payroll upon which these premiums were based included Neve's wages. (*Id.*, ¶ 33).

The Insurance Defendants have each separately filed a motion to dismiss the third-party complaint against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The arguments made by both Insurance Defendants are nearly identical:[1] both contend that Bay does not have standing to bring a claim for breach of contract because Bay has not sufficiently alleged that it was an intended beneficiary of the separate insurance contracts that existed between Clearpoint and each Insurance Defendant. Defendant XL also argues that Bay should not be permitted leave to amend because over one year has passed since the initial Complaint was filed.

### III. LEGAL STANDARD

#### a. Leave to Amend

It has been the accepted and encouraged policy that courts should liberally grant leave to amend pleadings when justice so requires. *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Dole v. Arco Chem. Co.,* 921 F.2d 484 (3d Cir. 1990). The determination of a motion to amend falls within the discretion of the trial court and is guided by Fed. R. Civ. P. 15(a). *Foman v. Davis,* 371 U.S. 178, 182 (1962).

When the movant's request to amend is "a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Therefore, before dismissing a

---

[1] XL was the second to file and specifically adopted all arguments made by ACE. (XL's Br. at 1).

complaint under Rule 12(b)(6), "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). An amended complaint is "futile" if it would still fail to state a claim for relief under the Rule 12(b)(6) standard. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Leave to amend the pleadings may also be denied on the grounds of bad faith, dilatory motive, or undue delay on the part of the moving party. *See id.* (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). "In short, parties to a litigation may not file motions to amend 'primarily to cause harassment and delay.'" *See Otsuka Pharm. Co. v. Barr Labs, Inc.*, no. 07-1267, 2008 U.S. Dist. LEXIS 99214, *13 (D.N.J. Dec. 5, 2008) (quoting *Bygott v. Leaseway Transp. Corp.,* 637 F. Supp. 1433, 1447 (E.D. Pa. 1986)).

Delay alone, however, is insufficient grounds for denial of leave to amend. *See Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988). In applying Rule 15(a), the Third Circuit Court of Appeals regards the possibility of prejudice to the non-moving party as the "touchstone for the denial of the amendment." *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cronell & Co., Inc. v. Occupational Safety and Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir. 1978)). The non-moving party, however, has a heavier burden than merely claiming prejudice; it must show that an unfair disadvantage or deprivation will result by allowing the amendment. *See Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 426 (3d Cir. 1981).

"Prejudice," for purposes of determining whether to allow the proposed amendments, involves serious impairment of the non-movant's ability to present its case. *Id.*; *see also Harter*

*v. GAF Corp.,* 150 F.R.D. 502, 509 (D.N.J. 1993). Incidental prejudice to the non-moving party is not a sufficient basis for denial of an amendment; prejudice becomes "undue" only when the non-moving party shows that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered. *Heyl & Patterson Int'l, Inc.*, 663 F.2d at 426; *DiLoreto v. Borough of Oaklyn,* 744 F. Supp. 610, 615 (D.N.J. 1990).

      b.  <u>Motion to Dismiss</u>

Under Fed. R. Civ. P. 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, a district court should conduct a two-part analysis. First, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court, however, may disregard any legal conclusions proffered in the complaint. *Id.*

Once the well-pleaded facts have been identified, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 194).

      c. <u>Standing</u>

Federal courts are courts of limited jurisdiction, and a district court has "'an obligation to assure [itself]' of litigants' standing under Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). One element of standing is that "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

This Court is presently exercising diversity jurisdiction over this case, and therefore the laws of the State of New Jersey govern this dispute. *See Am. Cyanamid Co. v. Fermenta Animal Health Co.*, 54 F.3d 177, 180 (3d Cir. 1995). New Jersey follows the Restatement (Second) of Contracts § 302 approach to standing in contract disputes. *See Broadway Maint. Corp. v. State Univ. of Rutgers*, 447 A.2d 906, 909 (N.J. 1982). Under this approach, "[t]he contractual intent to recognize a right to performance in the third person is the key. If that intent does not exist, then the third person is only an incidental beneficiary, having no contractual standing." *Id.*

IV.    <u>ANALYSIS</u>

There is a long-established policy in the federal courts that permits parties to freely amend pleadings absent prejudice to another party. The Insured Defendants proffer two reasons why such leave should not be freely given in this case.

First, Defendant XL argues that over one year has passed since the filing of the initial Complaint and therefore "Bay has had more than ample time to conduct discovery and determine its causes of action." (XL's Br. at 3). This delay, however, does not counsel against granting leave to amend the pleadings unless it will result in undue prejudice. *See, e.g., Lorenz*, 1 F.3d at 1414 (quoting *Cronell & Co., Inc.*, 573 F.2d at 823) (Prejudice is the "touchstone for the denial of the amendment."). Notably, at no point has XL argued that they will be prejudiced by such a

delay. Nor does the Court see a possibility that XL—or ACE for that matter—will be unable to properly present its case as a result of granting leave to file and serve the Amended Third-Party Complaint (hereinafter "the Amended Complaint"). Therefore, this delay, although lengthy, does not prevent Bay from amending the Complaint.

Second, the Insurance Defendants argue that amending the Complaint would be futile because, even as amended, the Complaint fails to state a justiciable claim and must be dismissed pursuant to Rule 12(b)(6). Taking all of well-pleaded facts alleged in the Amended Complaint as true, *see Fowler*, 578 F.3d at 210–11, Bay has satisfied its burden of establishing standing as a third party beneficiary at the pleadings stage. In the Amended Complaint, Bay alleges two important facts that plausibly establish that they are an intended beneficiary of the insurance contracts between Clearpoint and the Insurance Defendants. First, Bay alleges that the contracting parties shared underwriting information, which included payroll audits on which the insurance premiums were based. Second, Bay alleges that Neve's wages were included within the relevant payroll audit. These facts taken together give rise to a plausible argument that Neve—and thus his employer, Bay—were covered under the insurance policies. As such, Bay has plausibly alleged that it was an intended beneficiary of those insurance contracts. Therefore, Bay has standing to challenge a breach of these insurance contracts at the pleading stage.

Because the Insurance Defendants have provided no compelling reason that counsels against granting leave to amend, the Court will follow the long-established policy of the federal courts by permitting an amended complaint.

V.      CONCLUSION

For the reasons set forth above, the Court denies the Insurance Defendants separate Motions to Dismiss and will grant Bay's Cross-Motion [88] and separate Motion to Amend the Third-Party Complaint [89].  An appropriate Order will be entered.

*/s/ Anne E. Thompson*
**ANNE E. THOMPSON, U.S.D.J.**

Dated: October 12, 2011